ELIZABETH TRUST COMPANY, PLAINTIFF-RESPONDENT, v. CENTRAL LUMBER COMPANY, DEFENDANT-APPELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellant, *Spaulding Frazer*.

For the respondent, *Samuel Koestler*.

The opinion of the court was delivered by

PERSKIE, J.  This appeal brings up for review a judgment of the Supreme Court, which in turn affirmed the action of the learned judge of Union County Circuit Court, in striking out the answer and counter-claim filed by the defendant-appellant (hereinafter called defendant) and entering a summary judgment in favor of the plaintiff-respondent (hereinafter called plaintiff).

On July 2d, 1932, plaintiff filed suit against defendant on its past due and protested note, dated April 2d, 1932, in the sum of $14,000 and made payable three months after date. Defendant admitted that no part of this note had been paid but claimed that it was not due and owing.  This claim is based on the facts set out in its answer and counter-claim, and is substantially as follows:

Prior to January 3d, 1929, defendant was the owner of one hundred and fifteen shares of the capital stock of the plaintiff bank, represented by stock certificate No. 575, although legal title thereto was in the name of one Herman Jacobson.  On the day last mentioned, with the knowledge and consent of the defendant, the said Jacobson sold the aforesaid one hundred and fifteen shares of stock to one John J. Stamler and as part of the purchase price accepted

a small amount of cash and Stamler's note for the balance with an agreement that the shares of stock were to be held by Jacobson, as collateral security for the payment of the note. The note was reduced from time to time and on August 11th, 1931 (the then face amount thereof being $20,000), Jacobson delivered to plaintiff, as bailee, the stock as represented by certificate No. 575, and obtained the following receipt therefor:

"ELIZABETH TRUST COMPANY
Elizabeth, New Jersey
August 11th, 1931.

Received from Herman Jacobson, certificate No. 575 covering one hundred fifteen (115) shares Elizabeth Trust Company stock which is to be held as trustee and to be returned on demand to Herman Jacobson.

ELIZABETH TRUST COMPANY,
FREDERICK CORIELL, Treasurer."

In disregard of its undertaking in the premises, plaintiff, on October 8th, 1931, wrongfully delivered the one hundred and fifteen shares of stock represented by certificate No. 575 to John J. Stamler. On June 7th, 1932, demand was made for the return of the stock and it was refused and that plaintiff still refuses to deliver same and that on July 5th, 1932, Jacobson assigned all his right, title and interest in and to the receipt of August 11th, 1931, and the shares of stock represented by it, to defendant. As a result of plaintiff's action in the premises, defendant alleges that it has been damaged to the extent of $14,000.

In pursuance to *Pamph. L.* 1928, *ch.* 151, *p.* 306, and Supreme Court rules 80 to 85, plaintiff gave notice to defendant that it would move to strike the answer and counterclaim and move for summary judgment. On the argument of the notice aforesaid, each party presented affidavits, which fully detailed the contention of the respective parties, and are, of course, contradictory.

In support of the motion, plaintiff's affidavits disclosed that for many years prior to April 5th, 1932, the defendant

had been a depositor and a frequent and substantial borrower from the plaintiff; that the plaintiff purchased the note in question relying upon the financial statement furnished it by the defendant; that the purchase of the note had no bearing or connection with any dealings between Jacobson and Stamler; that Jacobson was the owner of one hundred and fifteen shares of the capital stock of the plaintiff and that on January 11th, 1929, he surrendered his stock and that the plaintiff issued its certificate No. 575, for one hundred and fifteen shares, to Stamler; that Stamler endorsed this certificate in blank and delivered it to Jacobson as collateral payment for the note executed by Stamler to Jacobson for the balance of the purchase price of the stock; that on August 11th, 1931, the note had been reduced by payments to the sum of $20,000; that Stamler desired to obtain some of the stock and prevailed upon Jacobson to release forty shares thereof; that Jacobson surrendered certificate No. 575 for the one hundred and fifteen shares, and the bank issued its receipt therefor to him under date of August 11th, 1931; that on October 8th, 1931, Stamler surrendered certificate No. 575 for one hundred and fifteen shares, obtained from Jacobson, and the bank delivered five certificates in lieu thereof aggregating one hundred and fifteen shares to Stamler, who, in turn, delivered to Jacobson three of the aforementioned certificates aggregating seventy-five shares; that Jacobson held the seventy-five shares of stock as collateral for the payment of the note which had been reduced to $14,000; that Jacobson held such stock from October, 1931, to April, 1932, and made no complaint except that in April, 1932, he asked Stamler to make some payment on account of the note; that upon being advised by Stamler that he could not further reduce the note Jacobson stated that he was short of cash and desired to know whether the plaintiff would loan him a like sum of money represented by the note; that Stamler advised Jacobson that if he would present the defendant's note for $14,000, and a proper financial statement of the company to the bank, that the latter would

undoubtedly grant the loan; that this loan was granted to the defendant upon its note endorsed by Jacobson; that at the time Jacobson surrendered the forty shares of stock to Stamler the reported market quotation on the bank's stock was $250 a share and Jacobson consented to hold the seventy-five shares as collateral payment of the $14,000 note; that the treasurer of the bank stated that the reason he did not obtain the receipt given to Jacobson on August 11th, 1931, at the time the five certificates of stock were issued was because he did not issue the exchanged five certificates as they were issued at the main office of the bank. Stamler stated that the reason he did not take up the receipt from Jacobson was because of pressure of other business causing him to neglect this matter.

Jacobson, for defendant, countered by substantially repeating the facts contained in the answer and counter-claim of defendant; that the stock was purchased with defendant's money; "that at the time this $14,000 note just described was given, deponent had insisted that the said John J. Stamler pay the same and deponent was informed by the said John J. Stamler that he could not do so, but that if the Central Lumber Company would make a note for a similar amount, to wit, fourteen thousand ($14,000) dollars, with its due date the same as the Stamler note, July 2d, 1932, he, the said John J. Stamler, then being an officer and director of the Elizabeth Trust Company, would arrange for the discounting of said note and that when said note became due, same would be paid by the said John J. Stamler, paying the fourteen thousand ($14,000) dollars which he owed on account of the balance due for the purchase of the stock described herein." Jacobson denied that he ever agreed to accept the seventy-five shares in lieu of the one hundred and fifteen shares represented by the receipt dated August 11th, 1932; that he has filed a bill in the Chancery Court of our state to restrain the bank from disposing of these shares. It also appears that defendant has been made a party to this Chancery suit.

As already indicated the trial judge struck out the answer and counter-claim and entered a summary judgment on the following grounds: (a) Because the legal assignment of the stock by Herman Jacobson to Central Lumber Company was a week after the suit was begun on the note; and (b) because, assuming that Central Lumber Company was the equitable owner prior to suit begun, that equitable ownership was not cognizable at law; and (c) the counter-claim is for conversion, hence in tort, and therefore could not conveniently be tried with the other cause of action joined in the same suit.

Appeal was taken to the Supreme Court and the judgment affirmed on substantially the same grounds which formed the basis of the action and judgment of the trial judge below. From the judgment entered upon that affirmance appeal has been taken to this court.

We are of the opinion that the Supreme Court reached a right result. We prefer, however, to base our affirmance on and limit it to the sole ground that the defendant's counter-claim, sounding in trover and conversion, hence in tort, could not be conveniently tried with the other cause of action joined in the same suit.

In the case of *Kelley* v. *Faitoute Iron and Steel Co.*, 87 *N. J. L.* 567, this court in an opinion by Mr. Justice Trenchard, held on page 570:

"Section 12 of the Practice act (*Pamph. L.* 1912, *p.* 379) provides that: 'Subject to rules the defendant may counter-claim or set-off any cause of action. He may, and when required by the court shall, issue summons against any third party necessary to be brought in; but, in the discretion of the court, separate trials may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out.'

"Rule 66 of the Supreme Court (*Ed.* 1913) provides that: 'A counter-claim is deemed to be a cross-action, and the rules respecting the form and manner of pleading the complaint, apply to the counter-claim.' Rule 21 (f) provides that:

'The court may strike out causes of action which cannot be conveniently tried with other causes of action joined in the same suit.'

"It·follows, therefore, that in an action where, as here, several counter-claims are filed by the defendant, any one of them may be stricken out which the court finds cannot be conveniently tried with the other causes of action joined in the same suit.

"The motion to strike out this counter-claim seems to have been put by counsel upon the ground that it did not state a cause of action. But it does not affirmatively appear upon what ground the order striking it out was made, and there was no finding by the court below. In such case all facts necessary to support the order will be presumed to have been found in favor of the prevailing party, and it is our duty to sustain the court below, if there is any ground disclosed by the record upon which the order could properly have been made.

"We think there was such ground. As we have shown, the defendant in this counter-claim sought to recover against the plaintiff, who was suing on a contract, an affirmative judgment for unliquidated damages for a tort committed by the plaintiff's assignor, and thereby raised an issue which was separate and distinct from those raised by the plaintiff's claim and the defendant's other counter-claims. In that situation the court might very properly find, and we will assume did find, that it could not be conveniently tried with the other causes of action in the same suit. The judgment, therefore, will not be reversed upon that ground.

"Having reached that conclusion it is unnecessary for us here to determine whether under the Practice act (1912), section 12, it would be permissible to counter-claim damages in tort in an action on contract. The source of that section is order 19, rule 3 of the English rules, and the phraseology is much the same. The English courts seem to have held that it is permissible under their rules to counter-claim damages in tort in an action on contract or *vice versa. Stooke* v. *Taylor,* 5 *Q. B. D.* 569; *Beddall* v. *Maitland,* 17 *Ch. Div.*

174, 181; *Lumley* v. *Brooks,* 41 *Id.* 323. It may be that we should and would follow them in a proper case. But that question we ought not now to determine because it is not essential to the decision of the case in hand."

In the instant case the trial judge affirmatively, and we think properly, stated the grounds upon which he acted in the premises.

We can readily understand and visualize the confusion that would necessarily be created on the trial of both causes in the same suit, as well as the difficulties and inconveniences that the jury might well encounter in attempting to dispose of them. Defendant, as accurately pointed out by the trial judge, is not without remedy. As a matter of fact, a phase of its asserted claim is already before our Court of Chancery for adjudication.

We desire to make the further observation that in so far as defendant charges abuse of discretion on the part of the trial judge below in the premises, such charge is, as already indicated, without merit; and moreover, is not properly before us. The question of abuse of discretion was not raised in the Supreme Court and therefore cannot now for the first time be raised here on final appeal. *Barrese* v. *Standard Silk Dyeing Co.,* 110 *N. J. L.* 565; *Ballagh Realty Co.* v. *Borough of Dumont,* 111 *Id.* 32; *Kip* v. *People's Bank,* 110 *Id.* 178, 183.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.